UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| GREG GAMACHE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 11-00098-KSF |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FEDERAL BUREAU OF | ) | **AND ORDER** |
| INVESTIGATIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

***** ***** ***** *****

Plaintiff Greg Gamache has filed a *pro se* Complaint against the Federal Bureau of Investigations ("FBI") and the Federal Communications Commission ("FCC"). Broadly construed, Gamache's claims fall under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2]. Gamache has also filed a motion to proceed *in forma pauperis*. [R. 5].

Gamache alleges that the FBI and the FCC refuse to investigate complaints of unidentified government officials using electronic weapons to harm and kill "whistleblowers, undesirables, or persons of interest." [R. 2, p. 2]. Gamache alleges that such weapons operate from a distance and emit a frequency that injures, permanently damages, and kills people. *Id*. Gamache asks the Court to order the FBI and FCC to investigate these matters and to provide aid to persons impacted by such incidents. *Id*. Notably, Gamache does not assert that he has been attacked by an "electronic weapon" and apparently seeks relief only on behalf of others.

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, or fails to state a claim on which relief may

be granted. This provision is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions, under Federal Rules of Civil Procedure, for bringing vexatious suits.

Accordingly, a district court has not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of the complaint's factual allegations and dismiss clearly baseless factual claims. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoted by *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009)). "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Although Gamache apparently is not a prisoner, 28 U.S.C. § 1915 also applies to non-prisoner litigants who seek pauper status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997). Gamache's complaint is "clearly baseless" and presents a classic example of a frivolous lawsuit containing allegations that are wholly fanciful, unbelievable, and which fail to state a claim for which relief can be granted. Further, the "Public Access to Court Electronic Records" ("PACER") website indicates that within the last three months, Gamache has filed *over eighty* civil actions in numerous other federal courts alleging that unidentified persons are improperly using electronic weapons. *See* https://pcl.uscourts.gov/view.

Because Gamache's allegations are totally implausible, attenuated, and devoid of merit, the Court will dismiss this action, *sua sponte,* for failure to state a claim upon which relief can

be granted. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *Neitzke*, 490 U.S. at 327; *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).[1]

Accordingly, **IT IS ORDERED** that Plaintiff Greg Gamache's motion for leave to proceed *in forma pauperis*, [R. 5], is **DENIED** and his Complaint, [R. 2], is **DISMISSED WITH PREJUDICE**.

This March 31, 2011.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**

---

[1] Simply because Gamache may believe that his factual allegations are "real," does not mean that the case ought not be dismissed as frivolous or for failure to state a federal constitutional claim. Other courts have arrived at the same difficult conclusion concerning similar allegations, *see*, *e.g.*, *Christian v. Moore*, No. 3:10-CV-302-FDW-DSC, 2010 WL 3418390, 1 -2 (W.D.N.C. Aug. 30, 2010); *Calhoon v. San Diego Police Dept.*, No. 10cv1629 WQH (POR), L 3184254, 1 -2 (S.D. Cal. Aug. 10, 2010); *Hix v. Bush*, No. 10-12366, 2010 WL 2560446, 1 (E.D. Mich. June 16, 2010); *Lignell v. Catholic Church*, No. 2:09-cv-1151-CW-PMW, 2010 WL 2521452, 3 -5 (D. Utah May 6, 2010).